IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | District Court Case |
| RALPH LYLE CRUM, | § | No. 2-09-cv-199-J |
| | § | (Appeal from Bankruptcy Case |
| | § | No. 08-20297-rlj-7) |
| Debtor. | § | |

---

| | |
|---|---|
| RALPH LYLE CRUM, | § |
| | § |
| Appellant, | § |
| | § |
| v. | § |
| | § |
| KENT RIES, Trustee and | § |
| RANDI CRUM, | § |
| | § |
| Appellees. | § |

## APPELLEE RANDI CRUM'S BRIEF

Respectfully submitted,

/s/ Coleman Young

Coleman Young
State Bar No. 22174200
TEMPLETON, SMITHEE, HAYES,
  HEINRICH & RUSSELL, L.L.P.
320 S. Polk, Suite 1000
P. O. Box 15010
Amarillo, Texas  79101
Telephone No.  806/324-0324
Telecopy No.   806/379-8568
ATTORNEY FOR RANDI L. CRUM

October 28, 2009

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellee does not believe that oral argument is necessary, but if oral argument is granted, Appellee, Randi Crum, requests the opportunity to present argument.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.    The Court Correctly Applied the *Zibman* Decision in this
Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    III.    The Court Correctly Ruled Regarding Dr. Crum's Election
of Exemptions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    IV.    All Grounds for Dr. Crum's Claimed Exemptions Were
Properly Denied . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    V.    Neither the Trustee Nor Randi Crum Caused Dr. Crum to
Miss the 60-day Window for Re-depositing the Withdrawn
Funds into a Qualified Account, or Seeking to Toll That
Deadline . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    VI.    Dr. Crum's Request for Equity is Undeserved and
Misplaced . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    VII.    Dr. Crum has Waived Any Issue With Respect to the
Bankruptcy Court's Ruling That the $11,000 Paid by the
Debtor From His Fidelity IRA to Trudy-Hermann-Hall Was
Not Exempt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

VIII.  The Claims of Randi Crum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# <u>TABLE OF AUTHORITIES</u>

*Cases*                                                                                          *Page*

*In re Gibson*,
    300 B.R. 866 (D.C. Md. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Harlan*,
    32 B.R. 91 (Bankr. W.D. Tex. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Jones*,
    327 B.R. 297 (Bankr. S.D. Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Malone*,
    201 B.R. 175 (Bankr. W.D. Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Myer v. Matley*,
    318 U.S. 622; 63 S.Ct. 780; 87 L.Ed.2d 1043(1943) . . . . . . . . . . . . . . . . . 4

*Patterson v. Shumate*,
    504 U.S. 753; 112 S. Ct. 2242 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Reed*,
    184 B.R. 733 (Bankr. W.D. Tex. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Roussey v. Jacoway*,
    544 U.S. 320; 125 S. Ct. 1561 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Sandoval*,
    103 F.3d 20 (5th Cir. 1997*)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Schmidt*,
    362 B.R. 318 (Bankr. W.D. Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Schoof v. C.I.R.*,
    110 T.C. 1 (U.S. Tax Ct 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

iv

*In re Snowden*,
   386 B.R. 730 (Bankr. C.D. Ill. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Solomon*,
   67 F.3d 1128 (4th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Welander v. Commissioner of Internal Revenue*,
   92 T.C. 866 (U.S. Tax. Ct. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*White v. Stump*,
   266 U.S. 310; 45 S.Ct. 103; 69 L.Ed.2d 301 (1924) . . . . . . . . . . . . . . . . . . 4

*In re Zibman*,
   268 F.3d 298 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5, 7, 10

**Statutes**                                                                  ***Page***

11 U.S.C. §522(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

11 U.S.C. §§522(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

11 U.S.C. §§ 522(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

11 U.S.C. §§ 522(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. §§ 522(b)(3)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11 U.S.C. §§ 522(b)(3)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11 U.S.C. § 522(b)(4)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

11 U.S.C. § 522(d)(10)(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 522(d)(12) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

29 U.S.C. §1056(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

***Rules***                                                                              ***Page***

Bankruptcy Rule 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TO THE HONORABLE UNITED STATES DISTRICT COURT:

## STATEMENT OF THE CASE

Appellee, Randi Crum, essentially agrees with the statement of the case presented by the Appellant in the section of his brief entitled, "The Stipulations, Pleadings, and Disposition below," because the issues below were presented to the bankruptcy court on Joint Stipulations of the parties. *RR Vol. 2, pp. 000098-104*. Those stipulations set forth all the facts on which the bankruptcy court's decision was rendered.   The bankruptcy court issued its decision in a Memorandum of Opinion dated February 20, 2009, (*RR Vol. 1, pp. 000007-17*), and an "Order on Trustee and Randi Crum Objections to Debtor's Claimed Exemptions" dated April 15, 2009. *RR Vol. 1, pp. 000004-6*.

Randi Crum disagrees with the statements contained in the Appellant, Dr. Crum's "Statement of the Case" that the bankruptcy court's reliance on *In re Zibman* and the Fifth Circuit's interpretation of the "snapshot rule" was error.  In addition, Randi Crum disagrees with Dr. Crum's representation that the parties have stipulated that Dr. Crum was defrauded in his transfer of his IRA funds to an offshore account. Instead, the parties only stipulated that Dr. Crum's sworn testimony would have been that he was defrauded (*See* Stipulation, *RR Vol. 2, pp. 000100-101, ¶4*), and Randi

1

Crum believes that Dr. Crum's testimony in this respect is contradicted by other facts contained in the Stipulations.

## SUMMARY OF THE ARGUMENT

The primary issue raised by the Appellant,  Dr. Crum, is whether the bankruptcy court erred in relying on the Fifth Circuit's decision in *In re Zibman*, 268 F.3d (298 (5th Cir. 2001), to hold that when Dr. Crum failed to redeposit IRA funds he had previously withdrawn into a qualified account within sixty days thereafter, those funds could not be claimed as exempt in his bankruptcy proceeding.  As discussed below, the bankruptcy court's reliance on *In re Zibman* was both correct and required, because *In re Zibman* constitutes controlling authority in this Court.

Dr. Crum has also raised secondary issues concerning whether the bankruptcy court properly considered all of his alleged grounds for exemption, and whether equity should allow Dr. Crum to exempt the withdrawn funds, regardless of the applicable law.  However, as discussed below, objections to each of Dr. Crum's exemption claims were before the bankruptcy court; those objections were each considered and correctly rejected by the court; and equity will not grant Dr. Crum any relief.

## ARGUMENT

### I.      Standard of Review

The standard of review set forth in Bankruptcy Rule 8013 applies to this appeal.

### II.     The Court Correctly Applied the *Zibman* Decision in this Case. Appellant's Issue No. 1 in this Proceeding and Issue No. 7 in his Statement of Issues filed May 7, 2009 in the Bankruptcy Court (Mini Record Vol. 1)

The Appellant has argued that the bankruptcy court's application of the "snapshot" rule as explained in *In re Zibman*, 268 F.3d 298 (5th Cir. 2001) was error. Under the *Zibman* decision, even if the proceeds withdrawn from the Appellant's IRA's were arguably exempt at the time his bankruptcy was filed, his failure to act to re-deposit those funds into a qualified account within 60 days as required by federal law caused that exemption to evanesce.  *See In re Zibman*, 268 F.3d at 305.  Randi Crum, believes that the bankruptcy court's analysis of the decision in *In re Zibman,* and its application to the facts of this case, were correct, and relies on that analysis here without repeating the same.  Moreover, because the decision of the Fifth Circuit Court of Appeals in *In re Zibman* constitutes controlling authority before this court, the bankruptcy court's decision should be affirmed.  *See In re Schmidt*, 362 B.R. 318,

324 nt.3 (Bankr. W.D. Tex. 2007); and *In re Jones*, 327 B.R. 297, 301-02 (Bankr. S.D. Tex. 2005).

The cases cited by Dr. Crum are easily distinguished. *In re Gibson*, 300 B.R. 866 (D.C. Md. 2003) [citing the case of *In re Soloman*, 67 F.3d 1128 (4th Cir. 1995)] simply holds that a debtor is entitled to his full 60 days in which to redeposit funds withdrawn from a qualified account, regardless of any intervening bankruptcy petition. *In re Gibson*, 300 B.R. at 870-71. Randi Crum does not disagree with this decision; however, because Dr. Crum did not redeposit his withdrawn IRA funds within the allowed 60-day period, the *Gibson* and *Solomon* cases are inapplicable.

The "snapshot rule" described in *In re Sandoval,* 103 F.3d 20 (5th Cir. 1997*)*; *White v. Stump*, 266 U.S. 310; 45 S.Ct. 103; 69 L.Ed.2d 301 (1924); and *Myers v. Matley*, 318 U.S. 622; 63 S.Ct. 780; 87 L.Ed.2d 1043(1943) stands for the proposition that exemptions are "determined by the facts as they existed on the date of the original bankruptcy petition." However, this rule, and these cases, were expressly discussed by the court in *In re Zibman*, and are not contrary to its ruling. *See In re Zibman*, 268 F.3d at 302-04. Specifically, the court in *Zibman* held that when exemptions are fixed on the day a bankruptcy is filed, they are fixed in accordance with **all** of the applicable law, including any "condition" which limits an exemption's availability to a debtor. Therefore, in this case, based on the law and the facts as they existed on the day Dr.

4

Crum filed his petition in bankruptcy, when Dr. Crum failed to meet the conditions of the exemption laws on which he sought to rely; he lost his right to claim any exemption under those laws.

*In re Harlan*, 32 B.R. 91 (Bankr. W.D. Tex. 1983) and *In re Malone*, 201 B.R. 175 (Bankr. W.D. Tex. 1996) are distinguished by the fact that they were decided before the Fifth Circuit decision in *In re Zibman*, and to the extent their rulings are contrary to *Zibman*, they no longer represent good law.

*In re Reed*, 184 B.R. 733 (Bankr. W.D. Tex. 1995) is not on point because when the debtor in that case filed his bankruptcy, his home had not been sold, so the exemption of his homestead under Texas law was absolute, and not conditional as was the case in *Zibman*.

Finally, although the court in *In re Snowden*, 386 B.R. 730 (Bankr. C.D. Ill. 2008) did not adopt the Fifth Circuit's holding in *In re Zibman,* the *Zibman* case represents controlling authority before this court, and the *Snowden* case does not.

In addition, Dr. Crum's case under the "snapshot" rule is much weaker than was the debtor's case in *In re Zibman*.  In *In re Zibman*, the proceeds of the debtor's homestead were exempt under Texas law on the day his petition in bankruptcy was filed, subject only to being conditionally lost based on subsequent events.  In contrast, federal bankruptcy law does not provide for any qualification or exemption of funds

withdrawn from an IRA **until** they are redeposited into a qualified account within 60 days thereafter.  *See Welander v. Commissioner of Internal Revenue*, 92 T.C. 866, 868-69 (U.S. Tax Ct. 1989); 11 U.S.C. § 522(b)(4)(D) (providing for the exemption of distributions qualifying as eligible rollover distributions, i.e., if the funds are redeposited in a qualified account within 60 days). Therefore, on the day Dr. Crum's petition was filed, the withdrawn  funds were not exempt.  The funds could become exempt if they were redeposited into a qualified account within the 60 days allowed; however, when the funds were **not** redeposited into a qualified account within the time required, then they were **never** qualified as exempt under 11 U.S.C. §§ 522(d)(12) or (b)(4)(D), even under the "snapshot" rule.

III.    **The Court Correctly Ruled Regarding Dr. Crum's Election of Exemptions**.
        **Appellant's Issue No. 2**

The Appellant complains that the bankruptcy court would not allow him to claim the withdrawn funds as exempt under 11 U.S.C. §§ 522(b)(3)(A) and 522(b)(3)(C).  Court's Memorandum, *RR Vol. 1, p. 000012*.  However, as the bankruptcy court held, 11 U.S.C. §522(b)(1) puts a debtor to an election to decide between the exemptions provided under the Bankruptcy Code, 11 U.S.C. §§522(b)(2), or the exemptions provided under state and other federal law, 11 U.S.C. § 522 (b)(3). Since Dr. Crum expressly elected, on his amended Schedule C, to claim his

exemptions under 11 U.S.C. § 522(b)(2), he cannot claim state and other exemptions under 11 U.S.C. § 522(b)(3). *See*, Amended Schedule C, *RR Vol. 2, pp. 000069-70*. *See* also, *In re Zibman*, 268 F.3d at 302. *See* also, "Appellant, Ralph Crum's Brief" ¶¶ 6 and 7.

## IV.   <u>All Grounds for Dr. Crum's Claimed Exemptions Were Properly Denied</u>. Appellant's Issue Nos. 4, 5 and 6

Dr. Crum argues that the bankruptcy court erred in denying in broad form all of the legal bases Dr. Crum had asserted for his exemptions. *See*, Order, *RR Vol. 1, p. 0000052*, and Memorandum, *RR Vol. 1, p. 000017*. However, Dr. Crum has provided no case law holding that a broad denial of exemptions by a court is improper. Moreover, in this case such a holding was made necessary by Dr. Crum's shotgun approach to his exemption claims. *See*, Memorandum, *RR Vol. 1, p. 000011*. In addition, the bankruptcy court's Memorandum demonstrates that the bankruptcy court did in fact consider and deny each of the legal bases asserted by Dr. Crum for his claimed exemption of the Group SAMA account. The court denied Dr. Crum's claims under § 522(b)(3) based on § 522(b)(1). Memorandum, *RR Vol. 1, p. 000012*. The court denied Dr. Crum's claims under 29 U.S.C. §1056(d), *Patterson v. Shumate*, 504 U.S. 753; 112 S. Ct. 2242 (1992) and *Roussey v. Jacoway,* 544 U.S. 320; 125 S. Ct. 1561 (2004) because the Group SAMA account was not a "qualified" retirement

account. Memorandum, *RR Vol. 1, p. 000012*.  The court denied Dr. Crum's claims

under § 522(d)(10)(E) because the Group SAMA account was not a qualified stock

bonus, pension, profitsharing, annuity, or similar plan or contract. Memorandum, *RR

Vol. 1, pp. 12-13*.  The bankruptcy court denied Dr. Crum's claims under § 522(b)(4)

because that section does not provide an independent ground for an exemption, but

only "further defines whether a retirement fund satisfies an exemption claim under

subsection (d)(12)." Memorandum, *RR Vol. 1, p. 000013*.  The bankruptcy court

denied Dr. Crum's claim under §§ 522(d)(12) and (b)(4)(D) under the *Zibman* case.

Memorandum, *RR Vol. 1, pp. 000013-16*.  Those exemption claims were before the

bankruptcy court for determination based on objections to those exemptions raised by

the Trustee in his Second Amended Objections to Debtor's Claimed Exemptions, (*RR

Vol. 2, p. 000149, ¶¶4, 5*), and by Randi Crum in her Amended Objections to Debtor's

Amended Claimed Exemptions, (*RR Vol. 2, pp. 000081-82, ¶¶ 6, 7*), and her

Supplemental Objections to Debtor's Amended Claimed Exemptions. *RR Vol. 2, pp.

000095-96, ¶¶6, 7*.  Moreover, Dr. Crum has judicially waived any objection he might

have that objections to some of his legal bases for exemption were not raised, because

Dr. Crum stipulated that the issues concerning his exemptions and the objections to

his exemptions were "ripe for determination" before the bankruptcy court.  *See*, Joint

Stipulations. *RR Vol. 2, pp. 000098-99, ¶1*.  Therefore, all the legal bases for the

8

Debtor's claims of exemption were before the bankruptcy court, and were determined by that Court.

**V.    Neither the Trustee Nor Randi Crum Caused Dr. Crum to Miss the 60-day Window for Re-depositing the Withdrawn Funds into a Qualified <u>Account, or Seeking to Toll That Deadline</u>.**
**Appellant's Issue Nos. 3(i), 7 and 9**

Dr. Crum alleges that because the Kent Ries, the Trustee, objected to the exemption of his IRA funds, Mr. Ries effectively prohibited Dr. Crum from reinvesting the funds within the allowed 60-day period.  However, under the stipulated facts, this position is without merit.  Dr. Crum withdrew his IRA funds on April 29, 2008 and  filed his bankruptcy on May 30, 2008.  *See* Stipulation, *RR Vol. 2, pp. 000100-101*, and Appellant, Ralph Crum's Brief, ¶8.b.  No party filed any objection to Dr. Crum's exemptions until July 25, 2008, which was after the 60 day period had run.  *See* Bankruptcy Court's Docket Sheet, *RR Vol. 1, p. 000020*.  In addition, Dr. Crum has stipulated that he did not discover that the Group SAMA accounts were not "qualified" IRS accounts until approximately two weeks before the Stipulations were filed, or around October 24, 2008.  *See* Stipulation, *RR Vol. 2, pp. 000100-101, ¶4*. Since the Appellant had no reason to seek to re-deposit the Group SAMA funds until he allegedly discovered the issue existed, he cannot argue that actions taken by the Trustee or Randi Crum prior to that time caused him to fail to redeposit the funds in a qualified account, or to seek a tolling of that requirement, during the 60-day period

allowed.  Under these facts, Dr. Crum's argument has no merit.  *See*, *In re Zibman* 268 F.3d at 305, nt. 29.

The bankruptcy court's discussion of the possibility of tolling the 60-day period merely recognized that, if Dr. Crum had discovered that his funds were not in a qualified account during the 60-day period, and he believed he was precluded from transferring the funds because of the automatic stay, he had a mechanism available to him to preserve his rights, as recognized by the Fifth Circuit in *Zibman*.  *See, In re Zibman*, 268 F.3d 305, nt. 30.  Under the facts here, the issue is moot, because the 60-day time frame passed before Dr. Crum ever acknowledged his error.

## VI. <u>Dr. Crum's Request for Equity is Undeserved and Misplaced.</u> Appellant's Issue Nos 3(ii) in this Proceeding and Issue No. 8 in his Statement of Issues filed May 7, 2009 in the Bankruptcy Court (Mini Record Vol. 1)

Dr. Crum has claimed that because he was allegedly mislead into believing that his investment with Group SAMA was a qualified investment, that it was inequitable for the bankruptcy court to disallow his exemption claim to that account.  However, the case law does not support this defense.  In the case of *Schoof v. C.I.R.*, 110 T.C. 1 (U.S. Tax Ct 1998), the taxpayers argued that they should be excused from the tax liability resulting from their deposit of qualified funds into an investment which was purported to be an IRA but which had no qualified Trustee.  The court disagreed, because the requirement of a qualified trustee is a **fundamental** element of the

statutory requirements for an IRA rollover contribution, and not merely a **procedural** defect by the Trustee in executing the rollover. *Schoof v. C.I.R.,* 110 T.C. at 11. In our case, it is stipulated that the Group SAMA investment did not meet the legal requirements of an IRA. The problems associated with the Group SAMA investment were fundamental, not merely procedural. Therefore, under federal law, Dr. Crum is entitled to no relief.

Dr. Crum argues that all the documents he received were in Spanish, a language in which he is not literate. However, the facts are that he knew that the documents would be in Spanish, because he invested the funds with a financial institution in Costa Rica, yet he chose to sign the documents without reading them or having someone read and interpret them for him. Moreover, it is clear from the documents themselves, even though in Spanish, that the investments were being made by him *individually*, and not through an "IRA." Couple this with the fact that the investment was made at the last moment, the day before Dr. Crum filed his petition in bankruptcy, when he was already $38,000 delinquent in his child support payments, and it is clear that equity should not save him from his own misdeeds.

**VII.  Dr. Crum has Waived Any Issue With Respect to the Bankruptcy Court's Ruling That the $11,000 Paid by the Debtor From His Fidelity IRA to <u>Trudy-Hermann-Hall Was Not Exempt</u>.**
        **Appellant's Issue No. 10**

Dr. Crum has not included in his brief any argument that the court erred in holding that the $11,000 paid to Trudy-Herrmann-Hall immediately prior to the filing of his bankruptcy was not exempt.  Since the issue has not been briefed, it should be considered waived.

**VIII.  <u>The Claims of Randi Crum</u>.**

Dr. Crum has not appealed that part of the bankruptcy court's Order holding that the funds in the Group SAMA account are not exempt from the claims of Randi Crum, which are domestic support obligations.  *See* Order, *RR Vol. 1, p. 000005*, and Memorandum, *RR Vol. 1, p. 000016*.  Therefore, regardless of the Court's decision with respect to Dr. Crum's right to claim the funds in the Group SAMA account as exempt from his general creditors, the bankruptcy court's order should be affirmed in its holding that the funds are not exempt from the claims of Randi Crum.  Therefore, Randy Crum prays, in the alternative, that any decision by this Court provide that the Group SAMA funds are to remain subject to turnover to Randi Crum for the payment of past-due support obligations before being released to Dr. Crum.

12

## <u>CONCLUSION</u>

For all the reason stated above, Randi Crum prays that the rulings and order of the Bankruptcy Court be in all things AFFIRMED.

Respectfully submitted,

/s/ Coleman Young
Coleman Young
State Bar No. 22174200
TEMPLETON, SMITHEE, HAYES,
  HEINRICH & RUSSELL, L.L.P.
320 S. Polk, Suite 1000
P. O. Box 15010
Amarillo, Texas  79101
Telephone No.  806/324-0324
Telecopy No.   806/379-8568

ATTORNEY FOR RANDI L. CRUM

13

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing instrument was served upon the following this 28th day of October, 2009, addressed as follows:

| | |
|---|---|
| Mr. Van Northern<br>NORTHERN LAW FIRM<br>112 W. 8th Street, Suite 400<br>Amarillo, Texas 79101 | Via Electronic Notice ☒<br>Certified Mail, Return Receipt<br>Requested ☐<br>United States Regular Mail ☐<br>Overnight Mail ☐<br>Via Facsimile Transmission ☐<br>Via Hand-Delivery ☐ |
| Mr. Kent David Ries<br>600 S. Tyler, Suite1300<br>Box 12058<br>Amarillo, Texas 79101 | Via Electronic Notice ☒<br>Certified Mail, Return Receipt<br>Requested ☐<br>United States Regular Mail ☐<br>Overnight Mail ☐<br>Via Facsimile Transmission ☐<br>Via Hand-Delivery ☐ |

/s/ Coleman Young
Coleman Young

14

## CERTIFICATE OF COMPLIANCE

Pursuant to FED. R. APP. P. 32(a)(7)(C), the undersigned certifies that this Brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B).

1.　　Exclusive of the exempted portions in FED. R. APP. P. 32(a)(7)(B)(iii), the Brief contains 3,025 words.

2.　　This Brief has been prepared in a proportionally spaced typeface using:

Software Name and Version:　　Corel WordPerfect 12

Typeface Name:　　Times New Roman

Font Size:　　14 point

3.　　Pursuant to the Fifth Cir. R. 31.1, an electronic version of the brief in PDF format has been filed with the Clerk.

4.　　The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in the Fifth Circuit Rule 32.2.7, may result in the Court's striking the Brief and imposing sanctions against the person signing the Brief.

/s/ Coleman Young
Coleman Young, Attorney for Appellee
Dated: October 28, 2009

15

16

17