CAUSE NO. 2:09-CV-199-J

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

RALPH LYLE CRUM, DEBTOR,

Appellant – Petitioner

v.

KENT RIES, TRUSTEE and
RANDI CRUM,

Appellees – Respondent

Appeal from the United States Bankruptcy Court
Northern District of Texas

**BRIEF OF APPELLEE, KENT RIES, TRUSTEE**

Kent Ries, Attorney at Law
600 S. Tyler, Box 12058
1300 Chase Tower
Amarillo, Texas 79101
(806) 242-7437
(806) 242-7440-Fax

COUNSEL FOR TRUSTEE

1

# **TABLE OF CONTENTS**

TABLE OF CONTENTS…………………………………………………………………2

TABLE OF AUTHORITIES……………………………………………………..............3

JURISDICTIONAL STATEMENT…………………………………………………...4

STATEMENT OF THE ISSUES……………………………………………………………5

STATEMENT OF THE CASE……………………………………………………..........6

STATEMENT OF FACTS……………………………………………………….…….6

ARGUMENT………………………………………………………………….............7

CONCLUSION…………………………………………………………………….…14

CERTIFICATE OF SERVICE………………………………………………….……15

## TABLE OF AUTHORITIES

**CASES** **PAGE**

In Re Dereve,
    381 B.R. 309 (N.D. Fla. 2007)……………………………………………………8, 9

In Re Gibson,
    300 B.R. 866 (D. Md. 2003)……………………………………………………11, 12

In Re Harlan,
    32 B.R. 91 (Bankr. W.D. Tex. 1983)……………………………………...…..11

In Re Jones,
    327 B.R. 297, 302 (Bankr. S.D. Tex. 2005)……………………………….………14

Patterson v. Shumate,
    112 S.Ct. 2242 (199)………………………………………………………….……..7

Roussey v. Jacoway,
    125 S.Ct. 1561, 1566 (2004)…………………………………………….………..7

In Re Smith,
    342 B.R. 801 (BAP 2005)……………………………………………………….…11

In Re Swift,
    129 F. 3D 792, 799 (5TH Cir. 1997)……………………………….…………...…12, 13

Welander v. CIR,
    92 T.C. 866, (U.S. Tax Ct. 1989)……………………………….……….………….8

In Re Zibman,
    268 F.3d 298 (5th Cir. 2001)…………………………….…....…5, 9, 10, 11, 12

## **STATEMENT OF THE BASIS OF APPELLATE JURISDICTION**

Appellant filed his notice of appeal under 28 U.S.C. § 158 (a) from the final Order on Trustee and Randi Crum Objection to Debtor's Claimed Exemptions entered on April 16, 2009.

TO THE HONORABLE UNITED STATES DISTRICT COURT:

## STATEMENT OF THE ISSUES PRESENTED

Appellant's Brief fails to list two of his Statement of the Issues on Appeal. The relevant issues to the Trustee are:

Issue No. 1.   Whether the Bankruptcy Court's conclusion that the IRA account at Group SAMA is not exempt, and is property of the bankruptcy estate, is reversible error.
(Appellants Issue #8 on his Statement of the Issues on Appeal, not listed in his Brief)

Issue No. 2.   Whether the Bankruptcy Court's ruling that the $11,000.00 of Fidelity IRA funds paid to a third party, Trudy Hermann-Hall, prior to bankruptcy, lost their exempt status, is erroneous as a matter of law; or in the alternative, does the Bankruptcy Court's ruling that such funds "are not property of the estate" effectively prevent seizure of those funds by the Trustee.
(Appellants Issue #10 in his Statement of the Issues on Appeal and his Appellants Brief)

## THE APPLIABLE STANDARD OF APPELLATE REVIEW

An order that grants or denies an exemption is deemed a final order for the purpose of 28 U.S.C. § 158(d). Determination whether an exemption from the bankruptcy estate exists is a question of law which is reviewed *de novo*. In Re Zibman, 268 F.3d 298, 301 (5th Cir. 2001).

5

## STATEMENT OF THE CASE

This is an appeal from the Bankruptcy Court's Order that denied two of Appellants claimed exemptions. In the contested matter below, the parties stipulated to the underlying facts and tried the matter by briefs. The bankruptcy Trustee had objected to the exemption of proceeds from an IRA by Appellant and transferred proceeds from another IRA by Appellant.

## STATEMENT OF FACTS

**Underlying facts on the Group SAMA account.**

1.      Appellant claimed funds in account number 10673534 at Group SAMA Internacional, G.S.S.A. ("Group SAMA account") in the amount of $254,902.04 as exempt under multiple statutes. (Record 73)  However, the Appellant has stipulated that the Group SAMA account is not an IRA account, or an otherwise "qualified" IRS account, as can be claimed as exempt, without a showing of other circumstances or law.  (Record 99)  The Bankruptcy Court denied every legal basis asserted by the Appellant for an exemption of the Group SAMA account, and sustained Appellee's objections to Appellants claimed exemption. (Record 5)

2.      The parties stipulated that Appellant withdrew $97,307.83 from one qualified retirement account on April 29, 2008 and $157,594.21 from another qualified retirement account on April 26, 2008. (Record 101)  The parties also stipulated that the Appellant withdrew the $254,902.04 from his qualified retirement accounts in April, 2008, and that he was attempting to rollover those funds into a qualified IRA account. (Record 100)  These two checks are the source of the $254,902.04 in the Group SAMA account. (Record 101)  The parties further stipulated that the SAMA account is not an exempt IRA or otherwise qualified IRA account. (Record 99-100)

3.      The date of the deposit of $254,902.04 in the Group SAMA account was May 29, 2008. (Record 101)  The Appellant filed his Chapter 7 case on May 30, 2008. (Record 18)  The parties stipulated that federal law allows a person 60 days after taking a distribution (in this case April 26, 2008 and April 29, 2008 as described above) from an IRA to roll these funds into another IRA to avoid losing their exempt status. (Record 101)

4.      The Appellant's bankruptcy filing occurred during the rollover time period, and that rollover time period has now passed post-petition, without a qualified rollover. (Record 100)

**Underlying facts on the Fidelity IRA.**

5.      The parties also stipulated that the Appellant withdrew $13,000.00 from his Fidelity IRA on May 15, 2008, 15 days before his filing date, and used $11,000.00 of these funds as a gift to his fiancé. (Record 102)  Appellant claimed the $11,000.00 as exempt under multiple statutes. (Record 73)

## ARGUMENT

**Arguments on the Group SAMA account.**

6.      Appellant claimed that the Group SAMA account is exempt because it is not an asset of his bankruptcy estate under 11 U.S.C. § 541(c)(2), Patterson v. Shumate, 112 S.Ct. 2242 (1992), and 29 U.S.C. § 1056(d).  However, the Supreme Court in Patterson specifically held that a debtor's interest in an IRA could not be excluded from property of a bankruptcy estate under 11 U.S.C. § 541.  The Supreme Court reaffirmed its decision in Patterson in Roussey v. Jacoway, 125 S.Ct. 1561, 1566 (2004) when the Court held that if IRA's are to be exempted, they must be claimed as exempt under 11 U.S.C. § 522(d)(10)(E).  Therefore, the Appellant cannot argue that the Group SAMA account is not property of the estate.  The Supreme Court

7

has ruled that IRA's are property of the estate and must be properly claimed as exempt to be retained by a debtor, like any other property of the estate.

7. Appellant next claims the Group SAMA account as exempt under 11 U.S.C. § 522(d)(12) as well as 11 U.S.C. § 522(d)(10)(E). However, under the analysis below, there is no difference between these claims in this case. A key difference between the two provisions is 11 U.S.C. § 522(d)(10)(E)'s amount limitation "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." However, the Trustee made no such objection on the basis of the amount of the Group SAMA account.

8. Appellant's next claim is that the Group SAMA account should be treated as exempt since when he filed his bankruptcy proceeding he was still within the 60 days allowed to rollover the funds into an IRA to preserve his bankruptcy exemption. The argument initially fails because once the funds were withdrawn by the Appellant from his prior IRA's, they immediately lost their tax-exempt status. At the time of the withdrawal, the funds were proceeds of an IRA account, not an IRA account itself. Since proceeds are not tax exempt, thus they are not exempt in bankruptcy. Welander v. CIR, 92 T.C. 866, (U.S. Tax Ct. 1989). As the Court explained, "the general rule is that IRA distributions are taxable in the year received. 26 U.S.C. § 408(d)(1). An exception to this rule is effective when the distribution is rolled over into another IRA within 60 days. This exception only applies if the distribution is actually paid into another account. 26 U.S.C. § 408(d)(3)(A). If the distribution is not paid into another account, then the exception never applies and the general rule prevails." See also In Re Dereve, 381 B.R. 309 (N.D. Fla. 2007), which specifically adopts the Welander courts reasoning, at 327. Thus, when the Appellant took the distribution from his IRA's, the proceeds immediately became taxable and lost their exempt status, subject only to an exception if the funds were rolled over

8

into another qualified account within the allowed 60 day period. By stipulation, Appellant admits a timely rollover did not occur in this case. (Record 99-100) Therefore, those funds became non-exempt proceeds in April, 2008 when they were distributed to the Appellant, and they remained non-exempt assets when they were deposited in a bank account just before the Appellant's bankruptcy was filed, and remained in that account beyond the 60 day rollover deadline.

9. Appellant's next claim is that under 11 U.S.C. § 522(b)(4)(D), rollover distributions may be claimed as exempt if they are rolled over during the 60-day interval permitted by law under either 26 U.S.C. § 402(c). However, 11 U.S.C. §522(b)(4)(D) provides no basis for claiming an exemption for an IRA distribution which has not been rolled over into a qualified account within the 60-day period. By failing to rollover the proceeds within the 60-day requirement, 11 U.S.C. § 522(b)(4)(D) in inapplicable and the funds forever lost their exempt status.

10. Appellant's final claim is that since he was still within the 60-day period for rolling over the IRA proceeds when he filed his bankruptcy case that he did not need to comply with the 60-day requirement. This argument initially fails since, under In Re Dereve, the IRA proceeds were not exempt at the time of Appellants bankruptcy filing on May 30, 2008. Even if this were not the law, Appellant's failure to timely rollover the funds within the 60-day period, even after the filing of his bankruptcy, removed any question as to the funds' exempt status.

11. Appellant relies on the "snapshot" theory of claiming exemptions. The "snapshot" view of exemptions is a general rule, but it is inapplicable in this case. In In re Zibman, 268 F.3d 298 (5th Cir. 2001) the Fifth Circuit dealt with the Texas six month exemption for the proceeds from the sale of a homestead and held that when an exemption statute provides

9

for the proceeds of exempt property to remain exempt for a specific period of time to allow the funds to be reinvested, the filing of a bankruptcy petition will not expurgate that deadline. Id. at 305. The Court further held the failure of a debtor, even after the filing of his bankruptcy petition, to reinvest the proceeds as required by the statute will cause the exemption to be lost. Id., at 305. The Zibman court specifically reviewed, and rejected, Appellant's "snapshot" argument under the facts of an exemption of proceeds that has a statutory time limit. The decision is based on a simple and fair review of statutory construction. Since a debtor outside of bankruptcy would be subject to the temporal time limitation, a bankruptcy debtor is subject to the identical temporal time limitation. Id. at 304-305. The policy enunciated by the Fifth Circuit for homestead proceeds applies equally to the requirement that the proceeds of an IRA must be rolled over into another IRA within 60 days for those proceeds to remain exempt.

12. Specifically, the Fifth Circuit observed that the objective of the Texas homestead proceeds exemption was to provide an asylum for families from creditors when they sold their home with the intention of reinvesting those proceeds in another homestead, and was not to protect the proceeds, in and of themselves. Id. at 305. Failure to enforce that policy would effectively read the six month limitation out of the statute, and transform a limited exemption into a permanent one. Id. at 304. Similarly, the purpose of the 60 day rollover requirement is to allow retirement proceeds to be reinvested from one qualified account into another qualified account without the loss of the proceeds' qualification. However, if the intervention of a bankruptcy proceeding would allow the funds to retain their exempt status without reinvestment of the funds within the 60 day time period required by law, this would transform the rollover law into a protection of the proceeds themselves, and a permanent protection at that. The Fifth Circuit rejected such an application of exemption law in Zibman, holding instead that since the

10

proceeds there had not been reinvested within the time period allowed, the claim of exemption had been lost.  Following the Fifth Circuit's decision in <u>Zibman</u>, this Court should reject any similar argument by Appellant.

13.	The bulk of Appellants issues and arguments, though phrased in different ways, is, not surprisingly, that he object to the application of the <u>Zibman</u> opinion to his facts.  Each and every argument Appellant makes in paragraph 9 through 17 of his Brief are refuted by <u>Zibman</u> and its progeny.  <u>Zibman</u> has, contrary to Appellants assertion, been followed by numerous courts in numerous districts.  For example the Ninth Circuit BAP in <u>In re Smith</u>, 342 B.R. 801 (BAP 9th 2005) reviewed the debtors lament of the "snapshot" rule not being applied where an applicable statute required the compliance with a pre-condition to maintain exempt status, which was, like <u>Zibman</u> the reinvestment of homestead proceeds within a time limitation. <u>Id.</u> at 806. However, the Panel referred to <u>Zibman</u>'s "well-reasoned opinion" in refusing to read the reinvestment requirement out of the statute.  <u>Id</u>. at 807.  The Panel also referred to the fact that <u>Zibman</u> overturned the bankruptcy court decision of <u>In re Harlan</u>, 32 B.R. 91 (Bankr. W.D. Tex. 1983), which is relied upon by Appellant in his Brief.  <u>Id</u>. at 807.

14.	Appellant's reliance on <u>In re Gibson</u>, 300 B.R. 866 (D.Md. 2003) is likewise misplaced.  Appellant's own Brief admits that "the only difference between the Gibson case, and the present case is that Debtor Ralph Crum did not roll his funds over into a qualified IRA account during the 60 day period".  Appellant is correct; Appellee would not be here today if Appellant had properly rolled over his IRA.  Appellee would not have objected to Appellant's claimed exemptions if those were the facts.  Unfortunately for Appellant, his actions in moving his IRA to a Costa Rican financial institution that caused the Appellant's IRA to fail to qualify under the Internal Revenue Code is precisely why Appellee objected to his claimed exemptions.

The Appellant's actions are a fatal flaw to the position he argues.  The <u>Gibson</u> court construed the Internal Revenue Code as allowing funds withdrawn from a retirement plan to exempt status, as long as the funds are rolled over within the statutory time period.  <u>Id</u>. at 870.  However, in <u>Gibson</u>, the parties did not dispute the two retirement plans were qualified.  <u>Id</u>.   In our case, Appellant admits the Group SAMA account was not so qualified.  In any event, the <u>Gibson</u> case illustrates that the <u>Zibman</u> holding is equally applicable in the IRA context as it is in the homestead context.

      15.      The Appellants next argues that he could not timely rollover his IRA proceeds because they were property of the estate and outside his control.  Unfortunately, this argument ignores the stipulated fact that Appellant only became aware that his Group SAMA account was not a qualified IRA until about two weeks before agreeing to the stipulation. (Record 100)  The stipulation was filed November 6, 2008. (Record 104)  Since Appellant withdrew his IRA funds in April, 2008, the 60 day rollover requirement had long since passed by November, 2008.  Appellant admits, therefore, that it was not the fear of being sanctioned for interfering with property of the estate that prohibited him making a proper rollover, he just was unaware that he needed to make a proper rollover in the first place.  Appellant's argument is a red herring.

      16.      Further, as the Bankruptcy Court found, if this was a concern of Appellant, he could have requested relief from the Court.  Appellant never did so, presumably because, as above, he was unaware that he needed to make a proper rollover, as he assumed his account at Group SAMA was a valid IRA.

      17.      Further, the Appellant's concern is not consistent with the law or facts of the case.  A debtors property becomes property of the estate upon filing, but an exemption is presumptively valid unless a party objects.  <u>In re Swift</u>, 129 F. 3d 792, 799 (5th Cir. 1997).  The

Debtor filed his bankruptcy case on May 30, 2008, a little over 30 days from the date of his IRA withdraws of April 26, 2008 and April 29, 2008. No objection to exemptions was filed until the Trustee filed his on July 25, 2008, which was well after the 60 day rollover requirement. Appellant had free access to rollover the IRA proceeds in his Group SAMA account to a valid IRA account. He just chose to not do so; likely because he was unaware he needed to do so.

18. The Appellants argument that he was misrepresented as to the validity of his Group SAMA account as an IRA is inapplicable to the appeal at issue. The <u>Swift</u> court did not hold that a "good faith" rollover would comply with the statutory requirements of a rollover. That case dealt with the owner (debtor or bankruptcy estate) of the cause of action against the provider of the failed retirement account. The <u>Swift</u> court found the cause of action was an exempt asset of the debtor, not that the actual account was exempt. In his bankruptcy case, Appellant has asserted such a cause of action against Group SAMA and claimed such action as exempt. No timely objections were filed to that claim. Therefore, Appellant is in the same position as the debtor in <u>Swift</u>. Appellant may well have been damaged by Group SAMA, and if so, he has the right to pursue that claim. That has no bearing on the fact that Appellant failed in his attempt to make a proper rollover, and his attempt to do so with a Costa Rican financial institution was a mistake of law from the moment he made that decision.

**<u>Arguments on the Fidelity IRA.</u>**

19. Appellant distributed $11,000.00 out of his Fidelity IRA on May 15, 2008 and paid these funds to his fiancé, Trudy Herrmann-Hall. However, because the funds were transferred to a third party and could not be rolled over into an IRA for Appellant, those funds were not exempt. When proceeds of exempt property are transferred and not reinvested back into exempt property within the time allowed by the law, then the transferred proceeds

themselves constitute non-exempt assets of the estate, and they are subject to recovery by the Trustee for the benefit of the estate and its creditors. In re Jones, 327 B.R. 297, 302 (Bankr. S.D. Tex. 2005).

20.   Further, since these Fidelity IRA proceeds were not even owned by the Appellant at the time he filed his bankruptcy case, he cannot claim them as exempt under 11 U.S.C. § 541. Thus proceeds were simply not property of the bankruptcy estate. Appellant is correct in that recovery of the proceeds cannot be had from Appellant, since he know longer owns them. However, the Trustee can recover such funds from Trudy Herrmann-Hall, the transferee of the funds.

## CONCLUSION AND PRAYER

Trustee prays that the Court deny the exemptions claimed by the Appellant as set forth above and affirm the Bankruptcy Court's Order on same.

    Respectfully submitted,

    Kent Ries, Attorney at Law
    600 S. Tyler, Box 12058
    1300 Chase Tower
    Amarillo, Texas 79101
    (806) 242-7437
    (806) 242-7440-Fax


    By:  /s/  Kent Ries
       Kent Ries
       State Bar No. 1691450
    COUNSEL FOR TRUSTEE

**CERTIFICATE OF SERVICE**

I certify that on the 28th day of October, 2009, a true and correct copy of the foregoing Brief was sent either electronically via ECF or mailed in the United States mail, postage prepaid, to the following parties in interest:

Van Northern
Northern Law Firm
112 W. 8th, Suite 40
Amarillo, Texas 79101

Ralph Lyle Crum
7003 Covenant Lane
Amarillo, Texas 79109

Cole Young
Templeton Law Firm
320 S. Polk, Suite 1000
Lobby Box 5
Amarillo, Texas 79101

United States Trustee
1100 Commerce Street, Room 9C60
Dallas, Texas 75242

/s/   Kent Ries
Kent Ries